THE MERCANTILE INSURANCE COMPANY

*v.*

DANIEL W. JAYNES *et al.*

1. PAROL EVIDENCE—*to vary written contract—at law and in equity.* A court of law will not receive parol evidence to contradict or enlarge the terms of a written contract, but the written instrument must be considered as furnishing the true agreement between the parties, and as furnishing better evidence than any which can be supplied by parol. But in equity, such evidence is admissible, to show the real intention of the parties.

2. MISTAKE—*its correction by court of law.* A mistake on the face of an instrument, however obvious, can not be corrected, or, rather, disregarded, by a court of law, unless, from other parts of the instrument, there can be no doubt of the real intention of the parties.

3. SAME—*its effect on the construction of a contract.* A court of law, in giving effect to the intention of the parties to a written contract, as gathered from the entire instrument, may disregard a mistake apparent on the face of the writing, when, notwithstanding the mistake, the intent remains clear from other parts of the contract.

4. SAME—*indorsement, as explanatory.* Where a policy of insurance, by mistake, was made to expire on a day prior to its date, it was *held,* that an indorsement thereon, showing a different date when the same would expire, but not signed by any of the parties, and without proof when or by whom it was made, could not be admitted in evidence in a suit at law, to explain and rectify the mistake in the policy.

5. SAME—*equity jurisdiction.* Where a policy of insurance dated May 22, 1874, by mistake was drawn as expiring on April 2, 1874, instead of April 2, 1875, it was *held,* while a court of law could clearly perceive the mistake in the date of the expiration of the policy, it being an impossible one, yet it could not enforce the contract according to the intention of the parties, as that did not appear, and therefore a court of equity had jurisdiction to reform the policy and to enforce the same as reformed.

6. SAME—*practice in correcting.* It is competent for a court of equity, in the same decree, to rectify a mistake in a written contract, and give judgment for the amount due on it as corrected; and where the decree directs the master in chancery to correct the instrument, it is not necessary that a formal correction be made by him before final decree. The court may treat as done what it had determined should be done.

7. RECEIVER—*effect of appointing on pending suits.* The appointment of a receiver for a corporation during the pendency of other suits against the corporation in the same court, can not abate or continue such suits, and there is no error in refusing to make such receiver a defendant, on motion of the defendant corporation. If the receiver desires to become a party, he should personally apply for that purpose.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

Messrs. McCOY & PRATT, for the appellant.

Mr. G. A. FOLLANSBEE, for the appellees.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a bill in equity, exhibited by appellees against appellant, in the court below, to correct a mistake in a policy

of insurance on a stock of staves, headings, hoops and barrels in appellees' cooper shop, in the city of St. Louis, and to enforce payment for a loss by fire of the insured property.

It is alleged, that appellees applied to Stewart & Co., the St. Louis agents of appellant, for a policy of insurance, to run from May 22, 1874, to April 3, 1875, and paid to such agents the price charged therefor—$36.63; that in issuing the policy it was, by mistake, made to run from the 22d of May, 1874, at 12 o'clock, noon, to the second day of April, 1874, at 12 o'clock, noon, instead of to the 2d day of April, 1875, at 12 o'clock, noon; that on the 11th of November, 1874, the property insured was destroyed by fire; that proofs of loss were duly furnished appellant; that more than sixty days have elapsed since the same were furnished; that appellant has neglected and refused to correct the mistake in the policy, and has not paid the loss or replaced the property destroyed.

Appellant demurred to the bill for want of equity, but the court overruled the demurrer, and the appellant thereafter answered, denying each material allegation of the bill.

The decree was in substantial conformity with the prayer of the bill.

The first objection urged to the decree is, that a court of equity can not entertain jurisdiction of the case. It is argued, that the mistake in the policy was merely clerical, and the intention of the parties obvious, so that the correction could have been made by a court of law, and in support of this the following quotation is made from Kerr on Fraud and Mistake (Bump's ed.), p. 417: "The rule at law is, that an agreement can not be varied by external evidence, and that the parties are bound by the document which they have signed and accepted as their agreement, unless there be error on the face of it so obvious as to leave no doubt of the intention of the parties, without the assistance of external evidence. If there be mistake or error on the face of an instrument, a court of law can correct it." This last sentence is, of course, to be understood as qualified by that immediately preceding it. A mis-

take on the face of the instrument, however obvious, can not be corrected at law, or rather disregarded by a court of law, unless, from other parts of the instrument, there can be no doubt of the intention of the parties.

It is not, strictly speaking, accurate to say, that courts of law, where, as in this State, the distinction between the jurisdiction and powers of courts of law and courts of equity is rigidly adhered to, will correct mistakes in written instruments. Courts of law possess no power to order changes made in the phraseology of written instruments offered in evidence. They simply adjudicate the rights of the parties upon the instruments as they are; but, in construing them, they seek for the intention of the parties, and if this can be discovered, from all the language employed, clearly and satisfactorily, effect will be given to it, notwithstanding there may be some language used which, taken by itself, would not authorize the construction adopted.

A court of law, moreover, will not receive parol evidence to contradict or enlarge the terms of a written agreement. 2 Phillips on Evidence, (Cowen, Hill & Edwards' notes,) 665; 1 Greenleaf's Evidence, § 297. But the written instrument must be considered as containing the true agreement between the parties, and as furnishing better evidence than any which can be supplied by parol. 2 Phillips on Evidence, *supra.* But, in a court of equity, parol evidence is admissible of the real agreement between the parties in variation of the terms of the written agreement; and upon this, when sufficient, the mistake of the parties will be rectified, and the contract enforced as corrected. 1 Story's Equity Jurisprudence, § 153; 2 Chitty on Conts. (11 Am. ed.) p. 1022; 1 Greenleaf's Ev. § 296 a.

*The American Express Co.* v. *Pinckney,* 29 Ill. 392, *Burr* v. *Broadway Ins. Co.* 16 N. Y. 274, and *Bernard et al.* v. *Cushing et al.* 4 Metcalf, 233, cited by counsel for appellant, only assert the general and familiar rules of construction that the whole contract is to be considered in giving construction

to its terms, and that, although there may have been a mistake in the use of language, yet if, notwithstanding the mistake, the intent remains clear, the mistake may be disregarded in an action at law.

The terms of a contract may or may not all appear upon one page of paper—they may be on several pages, on different sheets, or on different parts of the same sheet. In every case it must be determined by the court, from the evidence offered, whether that claimed to be the entire evidence of a written contract is so in fact, or whether there is also other evidence in writing that should be admitted.

It is here claimed by appellant, that an indorsement on the policy of insurance would, in an action on the policy in a court of law, be received in evidence as a part of the contract, or, rather, as an explanation and rectification of the ambiguity upon the face of the policy. To have this effect, it should appear that the indorsement was intended by the parties as expressing the terms of the contract wherein it is claimed to explain and correct the language of the policy, for, otherwise, there is no principle upon which it could be admitted without violating the rule we have referred to as controlling the admission of evidence in actions at law, in variation of the terms of a written contract.

Applying this test here, the indorsement will be found inadmissible.

The indorsement is this: "Expires 7th April, '75. From Stewart & Co. Agency."

By whom or when it was made, does not appear. It may have been made, for aught that appears, by an entire stranger to the transaction. It may have been made, long after the execution of the policy, by one party without the knowledge or approbation of the other. It professes to bind nobody—contains no direction to any one having an interest in the policy or duties to perform in respect of the contract which it evidences, and is, evidently, but a memorandum made by some one for convenience of reference, and not accurate at that, for

no one pretends the policy expires when it says it does—April 7, 1875—all admitting that the day on which the policy expires is the 2d and not the 7th day of April.

Our conclusion is, that, under the evidence now before us, had an action at law been brought on the policy, this indorsement would have been inadmissible for the purpose of explaining and rectifying the ambiguity on the face of the policy.

Disregarding this evidence, a court of law would have seen that there was clearly a mistake in the terms of the policy, because the date of its expiration was an impossible one. Thus far there would have been no difficulty. But to have justified such a court in disregarding the ambiguity and enforcing the contract according to the intent of the parties, it must have clearly and satisfactorily appeared, from the face of the policy, not only that there was a mistake in the language of the policy, but also what was the real intention of the parties.

The face of the policy fails to show what was the intention of the parties. There is no more reason for a court of law to conclude, from the face of the policy, that the mistake was in the year than in the month. It is obvious that it was just as liable to exist in the one respect as in the other, and there is no language that we have discovered that would decisively show that it must necessarily have been in the one and could not have been in the other respect.

We are, therefore, of opinion, that the mistake was one peculiarly within the jurisdiction of a court of equity to rectify. *Savage et al.* v. *Berry*, 2 Scam. 545.

After the filing of an answer, appellant suggested that recently, and since the commencement of the suit, a receiver of appellant had been appointed in another chancery suit pending in the same court, and asking that he be made a party defendant. This the court declined to do, and that ruling is also assigned for error.

There is no objection to this ruling. We said in *Toledo, Wabash and Western Railway Co.* v. *Beggs*, 85 Ill. 80: "The

suit was regularly brought against the corporation prior to this adjudication, and it had not the effect to abate or continue an existing cause of action already in suit. We do not think that the mere fact that the property of a railroad corporation has passed into the hands of a receiver should bar a suit therefor instituted against a corporation to recover a demand against it. When the successful party undertakes its collection, it may be the receiver can interpose." Had the receiver desired to be let in to defend, he should have personally made application therefor. *Lawrence* v. *Lane,* 4 Gilm. 354.

The other errors assigned are without merit.

It was competent for the court, in the same decree, to rectify the mistake and give judgment for the amount due upon the policy, as rectified. *Ballance* v. *Underhill,* 3 Scam. 459; *Willis et al.* v. *Henderson,* 4 id. 18; *Broadwell* v. *Broadwell,* 1 Gilm. 605.

It in nowise prejudiced appellant that judgment was given before the master in chancery formally rectified the mistake in the policy, as directed by the preceding branch of the decree, although informal. It was competent for the court to treat that as done which it determined should be done, and decree accordingly.

The evidence in the additional abstract sustains the decree.

The decree is affirmed.

*Decree affirmed.*