## CHARLES J. BORCHSENIUS
### v.
## ANNA CANUTSON.

1. PRACTICE—REPLICATION.—To a replication to a plea of set-off, the defendant interposed a demurrer, and on its being overruled, elected to stand by his demurrer. The effect of overruling a demurrer to a replication would be to sustain the replication as a complete answer to the plea, and the defendant abiding by his demurrer, thereby put his plea of set-off out of the record. so far as his deriving any benefit therefrom.

2. GIVING JUDGMENT NOTE—WAIVER OF SET-OFF.—The execution of a note with cognovit after the causes of action alleged in the plea of set-off had accrued, is a waiver of the right to interpose them as a set-off to the note.

APPEAL from the Circuit Court of LaSalle county; the Hon. JOSIAH McROBERTS, Judge, presiding. Opinion filed December 4, 1880.

Messrs. RICHOLSON & SNOW, for appellant; that courts of law exercise an equitable jurisdiction over judgments entered by confession, cited Lake v. Cook, 15 Ill. 353; Condon v. Besse, 86 Ill. 169; Wyman v. Yoemans, 84 Ill. 407; Page v. Wallace, 87 Ill. 88.

The note and cognovit become matters of record when filed in court: Ling v. King 91 Ill. 571.

Where matters relied upon as an estoppel appear upon the face of the record, the question is properly raised by demurrer: Smith's Lead. Cas. 236.

As to what will create an estoppel *in pais:* Smith v. Newton, 38 Ill. 230; Noble v. Chrisman, 88 Ill. 198; Chandler v. White, 84 Ill. 438; Davidson v. Young, 38 Ill. 146; Flower v. Elwood, 66 Ill. 438; Kinnar v. Mackey, 85 Ill. 98; Hefner v.

Vandolah, 57 Ill. 520; Schipper v. St. Plais, 37 Ind. 505; Weld v. Baxter, 11 Exch. 818; Petrie v. Mutall, 11 Exch. 575; Eastman v. Laws, 5 Bing. 170; Took v. Gasscock, 1 Saund. 257; Plummer v. Woodman, 4 B. and C. 625; Doe v. Wright, 10 A. and E. 763; Sanderson v. Coleman, 4 M. and G. 209; Halifax v. Lyle, 3 Exch. 446; Wilkins v. Kirby, 15 C. B. 430.

Mr. J. H. FOWLER, Mr. CHAS. FOWLER, and Mr. J. B. RICE, for appellee; that the matters set up in the replication constitute an estoppel, cited Gross v. Weary, 90 Ill. 256; Hall v. Hamilton, 74 Ill. 437; Frear v. Com. Nat. Bank, 73 Ill. 473.

The specific allowance to the widow cannot be applied in payment of the deceased husband's debts: Rev. Stat. 117; Phelps v. Phelps, 72 Ill. 545.

PILLSBURY, J.  Judgment was confessed in this cause by virtue of power of attorney and a cognovit, on the 30th day of December, 1876.

The note which was the basis of the action was for $850, dated Feb. 29, 1876, and due one day after date.  In January following the entry of judgment, the defendant obtained leave to plead in said cause, and filed three pleas, the second and third of which were pleas of set-off.

A demurrer having been sustained to the third plea, and verdict and judgment against the appellant upon trial, he appealed to this court at the December term, 1878, and obtained a reversal of the judgment because of the error of the court in sustaining the demurrer to the third plea.  The case is reported in 3 Bradwell, 600, where the plea is substantially set forth.

On the cause being remanded to the LaSalle Circuit Court, leave was obtained by the plaintiff to file several replications to the second and third pleas.  The defendant under leave of court, filed an additional or fourth plea, averring that the note was given without consideration.

The second plea is a general plea of set-off.  To the second and third pleas the plaintiff filed replications to some of which a demurrer was interposed, and the demurrer to the third

Borchsenius v. Canutson.

replication to the second and third pleas being overruled by the court, the defendant abided by his demurrer to said replication, and went to trial upon the other triable issues. The result of the trial being again unfavorable to the appellant, he brings the case to this court again, and asks for a reversal of the judgment. The court by overruling the demurrer to the replication to the pleas of set-off, held, of course, that the replication was a complete answer to the pleas, and the defendant, by abiding by his demurrer, put his pleas of set-off out of the record, so far as his deriving any benefit from them upon the trial was concerned. That there were other replications to the same pleas upon which issues were made up, was immaterial, as one answer adjudged to be good to a pleading is sufficient.

Upon an examination of the record we fail to discover any evidence introduced by the defendant tending to support the averments of his other pleas, and counsel do not urge that there is any, but base their ground for reversal upon the action of the court in overruling the demurrer and in refusing to allow the defendant to prove the set-off averred in his pleas.

If, as we have seen, the defendant abiding by his demurrer to said replication, put his pleas of set-off out of the record, then the court, if correct in holding the replication good, committed no error in refusing to allow the defendant to prove any set-off, for set-off in order to be made available, must be pleaded.

Did the court then err in overruling the demurrer to said replication? The replication is in brief, that after the said several items of set-off had accrued to the defendant, he, the defendant, executed the note sued upon in this case and attached thereto his power of attorney authorizing a confession of judgment, and that afterwards the plaintiff filed her declaration counting upon said note and the defendant filed his cognovit confessing the plaintiff's cause of action; the replication setting out in full the warrant of attorney and the cognovit.

The appellee relies upon the case of Gross v. Weary, 90 Ill. 256, as sustaining the replication. In that case, after judgment

confessed by cognovit, an application was made to the court by the defendant to have the proceedings stayed until an issue of fact on the question of set-off could be tried.

The court below refusing to stay proceedings for such purpose the defendant appealed to the Supreme Court. The court, by Scholfield, Justice, say: " It does not appear but that all the services, except a merely nominal part, were rendered before the execution of the note and cognovit. As to the services thus rendered we are of the opinion the execution of the cognovit was a waiver of the right to interpose them as a set-off to the note. And it not appearing that services of any material value have been since rendered, no necessity is apparent for staying proceedings to await the result of an issue on that question. If we are correct in holding that the execution of the cognovit was a waiver of the right to interpose a set-off, for causes then known to be existing, the subsequent promise to give credit on the note was but *nudum pactum* and binding in conscience only." There can be no misunderstanding the language here used. The opinion is clearly expressed that the execution of the cognovit *was a waiver of the right to interpose the services as a set-off to the note*, and in a subsequent part of the opinion it is as clearly expressed that such is the holding of the court. This opinion is as binding upon us as it was upon the court below, and the replication bringing the case within the rule therein announced we must, following that opinion as our guide, hold that the execution of the cognovit by the defendant, it being admitted he did execute it, is a waiver of the right to interpose as a set-off any matter of that nature accruing to the defendant and known to him to be existing at and before the time of such execution of the cognovit. It is urged, however, that this matter must have been determined by this court upon the former appeal, as the cognovit was a matter of record in the cause at that time.

It is sufficient to say upon this point, the only question before this court upon the former appeal was the sufficiency of the third plea, a demurrer having been sustained to it by the court below and the only point made by counsel against the plea was that it involved a settlement of partnership matters

which must be settled through and by means of the probate court.

The case at that time was treated by the counsel and the court as an original suit by summons, and no suggestion was made that the plea was not properly pleaded on account of a waiver of the right of set-off, and had such point been made we are not prepared to say but we should at that time, have committed the error of holding the point untenable, as the above opinion of the Supreme Court was not then published, even if filed for record, and its contents unknown to this court.

However that may be, we see no objection. to treating the plea as properly filed and replying the waiver to it, as was done in this case.

Under the decision referred to we see no error in the record and the judgment of the court below will be affirmed.

Judgment affirmed.