## Jane Fisher v. George Barnett and Charles F. Gray.

1. Mistakes—*In Promissory Note.*—When the president and secretary of an incorporated company, in making a promissory note of the company for securing a debt owing by the company, by a mutual mistake of the parties execute the same so as to make it their own instead of the corporate obligation, a court of equity will reform the note so as to make it the undertaking and obligation of the company.

Memorandum.—In equity. In the Circuit Court of Vermilion County; the Hon. Ferdinand Bookwalter, Judge, presiding. Bill to reform a promissory note; decree for complainants; appeal by defendants. Heard in this court at the November term, 1894, and affirmed. Opinion filed February 11, 1895.

Appellant's Brief, William A. Young, Attorney.

A court of equity has power to correct a mutual mistake, when it is made satisfactory that such mistake has been made, but proof must show that mistake is mutual. 1 Story's Equity, Secs. 155–157; Hamlin v. Sulivant, 11 App. 423; Ritchie v. Pease, 114 Ill. 353.

The evidence to show a mistake in a written instrument, in order to justify its correction and reformation, must be clear, strong and satisfactory. Nevins v. Dunlap, 33 N. Y. 672; Sapps v. Phillips, 92 Ill. 588; Peck v. Arehart, 95 Ill. 113; Emery v. Mohler, 69 Ill. 221; Palmer v. Converse, 60 Ill. 313; Goltra v. Sanasack, 53 Ill. 456; Sutherland v. Sutherland, 69 Ill. 482; Coffin v. Taylor, 16 Ill. 427; Oswald v. Sprœhnle, 16 App. 368.

Equity is reluctant to grant relief for mistakes unless the parties can be placed in *statu quo*, and in this case, in order to do this, Barnett and Gray should tender back the money before they can ask any relief. Grymes v. Sanders, 93 U. S. Rep. 55; Encyclopedia of Law, 628, Note 2; McFerran v. Taylor, 7 U. S. (3d Cranch) 270.

In order that a mistake may come within the cognizance of a court of equity, it must appear by proper and sufficient allegations and proof, (1) that it is mutual; (2) uninten-

tional on the part of all parties; (3) free from negligence on the part of parties seeking the relief. 15 Am. and Eng. Ency. of Law, 631–632; Kerr on Fraud and Mistake (Bump's Addition) 365; Sutherland v. Sutherland, 69 Ill. 481; Bispham's Equity, Secs. 244 and 246; Bucks v. Holt, 74 Iowa 294; 1 Story's Eq. Juris., Sec. 152, *et seq.;* Shay v. Peters, 35 Ill. 360; Schwass v. Herschey et al., 125 Ill. 653; Wilson v. Byers, 77 Ill. 76.

To reform a written instrument on the grounds of an alleged mistake it must be one of fact and not of law. And the mistake must be clearly proven to be one of fact; a mere preponderance is not enough; and it must be mutual and common to both parties. Nevins v. Dunlap, 33 N. Y. 672; Beebe v. Swartwout, 3 Gill. 178; Wood v. Price, 46 Ill. 440; Oswald v. Sprœhnle, 16 Ill. App. 368.

EVANS & BECKWITH, attorneys for the appellees.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This is an appeal from a decree of the Circuit Court reforming a promissory note so as to make it read as the undertaking and obligation of the Sidell Creamery Company, a corporation, and not as that of the appellees, who were respectively president and secretary of the company, and restraining a suit at law against them jointly with the company.

The question of fact was mainly as to the intention of the parties. The note was given for money loaned by the appellant. It was alleged in the bill and we think sufficiently shown by the proof that the intention of the appellant was to loan the money to the corporation, and there is little reason to doubt that the appellees were acting solely on behalf of the corporation without any purpose or thought that they were personally responsible for the money.

It is not to be understood that the evidence is without conflict as to the intention and understanding of the appellant, for she testified with no little emphasis that she re-

Fisher v. Barnett.

garded the appellees as being bound for the money—and further that she regarded the members of the directory as responsible also. Her testimony is to some extent corroborated by that of Mrs. Dawson, who was present when the application for this loan was made. When all the evidence is considered, however, and in the light of the general situation of the parties and of the entire transaction, we are disposed to agree with the Circuit Court as to these propositions.

If the conclusion reached is correct there was a mutual mistake which ought to be corrected unless the appellees were guilty of *laches*, or unless some other consideration, effective in a court of equity, would bar the relief sought by the bill.

The appellees instructed one Spry, who was the bookkeeper of the company, to prepare the note, and they signed it, as they testify, without observing the peculiar language employed. He testifies that he prepared it hastily, using a blank that happened to be convenient, and while intending to prepare a note of the corporation, he merely neglected, through haste, to insert the name of the corporation as the promisor in the body of the instrument. There can be no great doubt that all parties connected with the making and signing of the note supposed it was merely a corporate obligation—but it might, perhaps, be considered that they were somewhat careless in not more carefully scrutinizing the paper. Yet such mistakes and such want of care are very common, and where the rights of innocent third parties are not affected there can be no equitable reason for denying relief.

Manifestly every case must stand upon its own merits, and be determined by its peculiar facts. We are persuaded that in this case the decree is in accordance with the equitable rights of the parties, and it will therefore be affirmed.