## Marcella M. Rives by Lillie C. Rives, Appellee, v. The Hanover Fire Insurance Company, Appellant.

1. INSURANCE, § 621*—*parol evidence.* Parol evidence cannot be received in a court of law to vary or change the terms of a written contract for insurance, though a different rule may prevail in equity.

2. INSURANCE, § 571*—*when declaration in action on fire policy demurrable.* In an action at law to recover fire insurance where

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

the declaration sets out the policy showing that the same was issued to plaintiff's father, with an indorsement thereon, "It is agreed and understood that the interest of insured is a life estate only," there being no mention of plaintiff's name in the policy, *held* that the declaration is demurrable for the reason that parol evidence would be inadmissible to show that plaintiff's interest as owner of the fee was understood to be included in insurance.

Appeal from the Circuit Court of Greene county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the April term, 1913. Reversed and remanded with directions. Opinion filed October 16, 1913.

BARGER & HICKS, for appellant; C. O. CARLSON, of counsel.

RAINEY & JONES, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This is an action of *assumpsit* brought by the appellee, by next friend, against the appellant Company, in the Circuit Court of Greene county, to recover upon an insurance policy.

The declaration, in substance, is as follows: that on the 16th day of September, 1908, James W. Rives, then being the owner of a life estate in the real estate mentioned in the policy, and desiring to insure the buildings thereon against loss or damage by fire for a period of three years from said date, to the end that he and the plaintiff, who was and is his infant child and was seized with an estate in fee simple in said real estate, subject to said life estate, should be reimbursed in case of loss or damage to the buildings thereon by fire, to the extent of their respective interests in said buildings, obtained from the appellant Company its policy of insurance upon the two story dwelling house situated on said real estate; and that the appellant thereby promised, in the terms of the said policy and the conditions thereto annexed, a copy of which policy and conditions are attached to the declaration;

that the policy is in the standard form used by the appellant at that time and contains a provision that the entire policy, unless otherwise provided by agreement indorsed thereon or added thereto, should be void if the interest of the insured be other than unconditional and sole ownership; that said James W. Rives informed the defendant, appellant, of the title of said James W. Rives and the appellee, and that the appellant at such time well knew that the interest of said James W. Rives and the appellee were the same as herein averred and as represented to appellant by said James W. Rives; that in order said policy might not be rendered void on account of its provisions hereinbefore set forth, and in order that said James W. Rives and the appellee might obtain the benefits of said insurance in case of loss or damage by fire, and in order to comply with the provisions requiring an agreement to be indorsed or added to said policy that the interest of the insured was other than unconditional and sole ownership, and to the end that said policy should not be void the following agreement was indorsed and added to said policy by the appellant, to wit: "It is agreed and understood that the interest of insured is a life estate only;" that at the time of making the policy and from thence to the time of the happening of the loss and damage hereinafter mentioned, the appellee had an interest in said policy to the amount of $1,600, by the appellant insured on said dwelling and additions; that said James W. Rives died on March 9, 1909, and that afterwards, on August 17, 1911, the said farm dwelling and additions were consumed and destroyed by fire, whereby the plaintiff then and there sustained loss and damage to the said property to the amount of $1,600, which said loss was not occasioned by any means excepted by the policy; that notice of loss was given the appellant and that appellant denied any liability, etc.

The policy of insurance is set out in *haec verba* and made a part of the declaration, and, so far as is here

necessary to be considered, is as follows: ''This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements or conditions as may be endorsed hereon or added hereto, and no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy except as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto, and as to such provisions and conditions, no officer, agent, or other representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or other permission affecting the insurance under this policy exist or be claimed by the insured, unless so written or attached.''

A general demurrer was filed by appellant to the declaration. The court overruled the demurrer and appellant excepted to such ruling and elected to stand by its demurrer, and judgment was rendered in favor of appellee and against appellant in the sum of $1,600 and costs of suit. Exception was taken to this action of the court, and this appeal was thereupon perfected.

The chief question presented for our determination in this case is, whether or not parol evidence can be received to change or vary the terms of a written contract, in this, a court of law?

It is contended by appellant that the declaration, when taken as true, does not set out facts sufficient to show that there was an agreement by which the appellee, the owner of the fee title to the lands, was intended to be included in the policy. It contends that all averments relating to that subject are and were conclusions of the pleader.

Whether this be true or not, in our opinion does not enter into the legal question involved for our consideration. The only legal question here presented is, whether or not parol evidence can be received in a

court of law to vary or change the terms of a written contract?

We do not think it can. In the case of *Mercantile Ins. Co. v. Jaynes,* 87 Ill. 199, it is said a court of law will not receive parol evidence to contradict or enlarge the terms of a written contract, but that the written instrument must be considered as furnishing the true agreement between the parties, and as furnishing better evidence than any which can be supplied by parol. But, in equity, such evidence is admissible to show the real intention of the parties. The same doctrine is announced in *Commercial Mutual Acc. Co. v. Bates,* 176 Ill. 194, in the following language: "Where a written application is required to be signed by the assured, and is so signed, and a policy of insurance is issued upon the application, as was the case here, the application and the policy constitute a written contract by and between the assured and the insurance company, and where a controversy arises in regard to what the contract is between the parties, that controversy must be determined by the application and the policy.   *   *   *   A contract of that character cannot rest partly in writing and partly in parol. It cannot be varied, explained or added to by parol evidence. 'Parol evidence of what passed at the time of making a policy is not admissible to restrain the effect of the same.' "

A different rule may, and undoubtedly does, prevail in courts of equity, but not, in our State, in courts at law.

In the policy under consideration there is no reference to the appellee or his interest in the property. Neither are there words or language used in the policy that could be construed to mean that he, or anyone for him, had ever claimed an interest in the policy or had the property insured for his benefit.

For the reasons given above, the judgment herein is reversed, and the cause is remanded with directions to the trial court to sustain the demurrer filed to the declaration.

*Reversed and remanded with directions.*