## Patrick Sheehan, Appellee, v. J. W. Reardon and J. R. Harmon, Appellants.

1. PLEADING—*effect of standing by demurrer to replication to special plea and withdrawing plea of general issue.* In an action of assumpsit where defendants filed a plea of the general issue and a special plea and four replications were filed to the special plea, to the first two of which defendants filed *similiters,* to the third a rejoinder and to the fourth a demurrer, and, upon the demurrer being overruled, they elected to stand by the demurrer and withdrew their plea of the general issue, they, by such action, put their special plea out of the record and, as there was no pleading by defendants left on file of which the court could take notice, the court could only enter judgment by *nil dicit* and assess plaintiff's damages.

2. PLEADING—*effect of several replications when one answers plea.* If a replication answers the plea, the fact that there are other replications to the same plea on which issues are joined is immaterial.

3. CONTRACTS—*merger of negotiations in written contract.* At law the parties to written contracts are bound, if at all, by the contract as executed, and what has been said or done by the parties prior to its execution in and about coming to an understanding concerning the subject-matter is merged in the written contract and cannot be inquired into to vary its terms, unless it is charged that it was procured by fraud.

4. VENDOR AND PURCHASER—*mistake in written contract as defense in action to recover consideration paid.* In an action to recover money paid in part performance of a contract to purchase land on the ground of nonperformance by defendants, where defendants filed a special plea alleging that the written contract set out in the declaration was entered into as alleged but that there was a mistake of the scrivener in preparing the contract

so that it did not correctly describe the lands agreed to be conveyed, that defendants had always been ready to convey the lands orally agreed to be conveyed but plaintiff refused to accept such lands, and the replication to such plea averred that the contract set up by the plea was oral and that the written contract could not be varied in a court of law so as to change the description of the premises, a demurrer to such replication was properly overruled.

5. FRAUDS, STATUTE OF—*contract unenforceable under as defense.* A contract that cannot be enforced because of provisions of the statute of frauds cannot be availed of as a defense.

Appeal from the Circuit Court of Champaign county; the Hon. FRANKLIN H. BOGGS, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed October 25, 1921. *Certiorari* denied by Supreme Court (making opinion final).

HERRICK & HERRICK and GREEN & PALMER, for appellants.

DOBBINS & DOBBINS, for appellee.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

This is a suit in assumpsit. The declaration consists of one special count and the common counts. The special count charges that appellee advanced to appellants $7,000 of the consideration to be paid for certain lands that appellants agreed in writing to convey to him on March 1, 1920, after furnishing him with an abstract of title showing merchantable title to the premises, and that appellants had failed to perform their contract to furnish the said abstract or to convey the said lands, and in several other respects, wherefore appellee was entitled to recover back the $7,000 so advanced. Appellants filed a plea of the general issue and a special plea, the substance of which is that the contract set out in the declaration was entered into by the parties as therein alleged, but that there was a mistake made by the scrivener in preparing the contract so that it did not correctly describe the lands that

appellants had agreed to convey and that appellee had agreed to purchase; that the lands intended to be conveyed were those described in the plea; that appellants had been ready, willing and able and had offered to convey the lands described in the plea and had done all things which by the said contract as it was intended to be written they were required to do, including the tender of abstracts of title and a deed to the premises described in the plea, and had demanded that appellee should accept the same and pay the balance of the agreed purchase price therefor, but that appellee had refused to accept the abstract and deed and to pay the remainder of the purchase price for the reason there assigned by him that the same did not cover or convey the premises described in the contract set out in the declaration and that appellee did then and there refuse to carry out the contract set out in the said plea, and concludes with the statement that by reason of his said contract and actions appellee is estopped of his right to rescind the contract to purchase the premises intended by the parties to have been described in the contract as set out in the plea and of his right to recover back the $7,000, advanced by him on the purchase price of the premises described in the declaration.

There are no errors assigned on this record calling upon this court to pass upon the sufficiency of this plea.

There were four replications filed to this so-called plea of estoppel. Appellants filed *similiters* to the first two, a rejoinder to the third, and a demurrer to the fourth of these replications. This demurrer was overruled whereupon appellants elected to stand by their demurrer and withdrew their plea of the general issue. Judgment was then entered against appellants by *nil dicit* and the court heard evidence and assessed appellee's damages at $7,077.70 and entered judgment therefor in favor of appellee and against appellants.

By standing by the demurrer to the additional replication appellants put their special plea out of the record so far as any benefit they could derive therefrom is concerned, and there was no pleading of appellants left on file of which the court could take notice. The only thing the court could do in that state of the record was to enter judgment by *nil dicit* and assess appellee's damages, as was done. *People v. Walker Opera House Co.*, 249 Ill. 106-112; *People v. Bug River Spec. Drain. Dist. Com'rs*, 189 Ill. 55; *People v. Ricker*, 142 Ill. 650; *Bissell v. City of Kankakee*, 64 Ill. 249; *Borchsenius v. Canutson*, 7 Ill. App. 365. (The case last-above cited was reversed by the Supreme Court, see 100 Ill. 82, that court holding that the plea to which the demurrer was sustained was a good plea, but the holding of the Appellate Court on the point to which that case is cited here was not reversed or repudiated on appeal.)

The main question for this court to determine in this case is whether the demurrer to the fourth or additional replication to the special pleas was properly overruled. In other words, whether that replication answers the plea. If it does answer the plea, then the fact that there are other replications to the same plea on which issues are joined is immaterial. *Borchsenius v. Canutson*, 7 Ill. App. 365-367.

It is averred in this replication in apt words that the contract for the purchase of real estate set up in the plea as a defense to this action is oral and is not and never was in writing; that there never was any agreement in writing between these parties for the purchase of any real estate except the contract set forth in the first count of the declaration; that this last-mentioned contract has not been and cannot be altered or varied in a court of law so as to change the description of the premises therein contained and has not been altered or reformed in any proceeding in equity; that the contract set up in the plea not being

in writing is not binding upon either of the parties by reason of the provisions of the statute of frauds and perjuries; that appellee never went into or had possession of the premises contracted for and that the contract set out in the plea was never carried out by either party except as to the payment in advance of $7,000 by appellee to appellants on the consideration and that therefrom he had a right to refuse to further perform it and to demand and receive back from the defendants the $7,000 so advanced and is not estopped from so doing by anything contained in the said plea.

If this was a suit by appellee for specific performance of the contract set out in the declaration, the defense here sought to be interposed, if well pleaded and supported by sufficient proof, might and probably would be a sufficient defense, because courts of equity have the right in proper cases to reform contracts and to enforce them as reformed, but in law the parties to written contracts are bound by the contract as executed, if bound at all, and what has been said or done by the parties prior to its execution in and about coming to an understanding concerning the subject-matter of it is merged in the written contract and cannot be inquired into there to vary its terms, unless it is charged that it was procured by fraud and no charge of fraud in procuring this contract is made. *Schneider v. Sulzer,* 212 Ill. 87; *Town of Kane v. Farrelly,* 192 Ill. 521; *Alschuler v. Schiff,* 164 Ill. 298; *Mercantile Ins. Co. v. Jaynes,* 87 Ill. 199; *Cunningham v. Wrenn,* 23 Ill. 64; *Vial v. Norwich Union Fire Ins. Society,* 172 Ill. App. 134-139, and cases there cited; *Smith v. Hartford Fire Ins. Co.,* 157 Ill. App. 57; *Munson v. Herzog,* 109 Ill. App. 302.

Counsel for appellants persistently argue that there is a *written* contract for the lands described in the plea. No such contract is shown by the plea. The declaration sets out a written contract under seal signed by the parties to this suit in the presence of witnesses

and the plea admits the execution of that contract as so set out, but attempts to nullify it by saying that it is not what it was agreed beforehand it should be, that the land described in it is different from the land the parties to it intend to have conveyed. If they are correct in that contention their remedy is by bill in equity to have the contract reformed but they have no remedy in a court of law. The written contract in law is the writing that was signed, not some different writing that the parties intended to have prepared and signed. The so-called plea of estoppel relates to the contract that was orally made and which the parties intended should be committed to writing, but we are not dealing with that oral contract here and, if we were, it would be unavailing to appellants because, being oral and relating to the sale of land, it is not enforceable by reasons of the provisions of section 2 of chapter 59, Rev. St. (Cahill's Ill. St. ch. 59, ¶ 2), commonly known as the statute of frauds and perjuries. *Leavitt v. Stern*, 159 Ill. 532; *Marr v. Ray*, 151 Ill. 340; *Dougherty v. Catlett*, 129 Ill. 438; *McGinnis v. Fernandes*, 126 Ill. 231, and a contract that cannot be enforced because of the provisions of the statute of frauds and perjuries cannot be availed of as a defense. *McGinnis v. Fernandes*, 126 Ill. 231; *Wheeler v. Frankenthal & Bro.*, 78 Ill. 124.

The fourth or additional replication clearly answered the entire special plea and the demurrer to it was properly overruled.

*Judgment affirmed.*