Clara V. Gawne, Executrix Under the Last Will and Testament of Daniel Gawne, Deceased, Appellant, v. William L. O'Connell et al., Appellees.

Gen. No. 38,939.

Opinion filed November 2, 1936.

CHARLES J. TRAINOR, of Chicago, for appellant.

ALTHEIMER, MAYER, WOODS & SMITH, of Chicago, for appellee William L. O'Connell.

MR. JUSTICE McSURELY delivered the opinion of the court.

This appeal, and also a companion appeal—case No. 38,938—involves the question as to whether Daniel Gawne, who signed a certain note, was personally liable.

The note was dated April 6, 1931, for $1,482, payable to the order of Lincoln State Bank of Chicago on demand, with interest; it was signed—

> "Illinois Real Estate Trust
> A Common Law Trust
>
> {Illinois Real Estate Trust Seal}
>
> Frederick J. Selden, Prest.
> Daniel Gawne"

Subsequently the Lincoln State Bank went into the hands of the receiver; also, Daniel Gawne died; the receiver of the bank presented a claim on the note in the probate court in the estate of Daniel Gawne, deceased; the claim was there allowed for $1,642.82; the executrix appealed to the circuit court.

While that appeal was pending in the circuit court she filed a complaint in equity, asserting that through mistake Daniel Gawne signed his name individually to the note; that it was the intention of both the payee and all parties in the matter that the words "as Treasurer" should follow his signature; that these words were omitted by mutual mistake, and that it was the intention of the officers of the Lincoln State Bank and the trustees of the Illinois Real Estate Trust that the note should be signed by Daniel Gawne in his capacity as treasurer of the Illinois Real Estate Trust, and it was not intended that he should sign the note as surety, guarantor, indorser or individual maker. The complaint further alleged that defendant was not a holder in due course or a bona fide purchaser for value, but merely an assignee of the original payee, Lincoln State Bank of Chicago.

The complaint prayed that the note be reformed on its face to show that Daniel Gawne signed it in a representative capacity as treasurer of the Illinois Real Estate Trust and not as an individual.

The appeal from the order of the probate court allowing the claim and the issues in the equity proceeding to reform the note were heard under an order of consolidation of the circuit court. After a hearing of proofs on the order of consolidation and in the appeal from the probate court judgment, judgment was entered against the estate and the complaint in the equity case was dismissed. Appeals have followed.

In *Vial v. Norwich Union Fire Ins. Soc. of Norwich, England,* 172 Ill. App. 134, the general rule was clearly stated, supported by many citations, that "where a mutual mistake is made in the terms of a contract . . . a court of equity will in a proper case between the proper parties rectify the mistake . . . and when it is so rectified such court will retain jurisdiction to enforce it as between the parties to it and their privies, according to its terms as so rectified." And in *Sheehan v. Reardon,* 223 Ill. App. 365, it was said that while in law the parties to a written contract are bound by its terms as executed, if bound at all, courts of equity have the right in proper cases to reform contracts and to enforce them as reformed, citing many cases.

The evidence in the instant case demonstrates conclusively that it was never intended that the note should impose any personal liability on Daniel Gawne, and that through inadvertence and oversight he had failed to add to his name the words "as Treasurer."

April 6, 1931, the date of the note, the Real Estate Trust was indebted to the Lincoln State Bank on a past due note in the sum of $700, and on a past due account for $782, aggregating $1,482.

George Leibrandt testified that he was president of the Lincoln State Bank; that the note in question was given to take up the prior note of $700 of the Real Estate Trust and its overdrawn account; that the new note was credited to the Illinois Real Estate Trust account; that Daniel Gawne "forgot to put his name on as Treasurer"; there was no request that he sign individually and there was no surety on the note; that Daniel Gawne never borrowed a dollar from the bank. This witness repeated that Gawne did not sign the note as an individual but forgot to put his name as treasurer on it; that he, the witness, did not see the note after it was signed; that no demand was ever made by the bank on this note.

Frederick Selden testified that he was a director of the Lincoln State Bank and president of the Illinois Real Estate Trust, whose name is subscribed to the note; that Gawne was the treasurer of the Illinois Real Estate Trust, whose by-laws required that its notes should be signed by the treasurer; that no request was made that Gawne sign as a guarantor or as an indorser; that he had been ill for several months and his signing as an individual "was an oversight on his part; that he had never signed a note for the Real Estate Trust as an individual." Selden said he had not observed that the name "treasurer" was omitted after the name of Daniel Gawne, as he, the witness, had been ill and was in a hurry to get home; that he never saw any note of the Real Estate Trust signed by Gawne without the word "treasurer" on it. Mr. Gawne was 84 years old at the time he signed the note and had been sick and was "shattered a little."

There was no evidence tending to contradict these witnesses. Thus it appears from the evidence of the officers of the payee bank and of the Illinois Real Estate Trust that it was through inadvertence and mu-

tual mistake that Gawne failed to add the words "as Treasurer" after his signature.

Many other cases might be cited holding that a court of equity may grant relief from a mistake of fact where it would be inequitable to do otherwise and where no intervening rights are asserted. *Kyner v. Boll,* 182 Ill. 171; *Gibbons v. Bressler,* 61 Ill. 110; *Hunter v. Bilyeu,* 30 Ill. 228, 244; Pomeroy's Equity Jurisprudence, vol. 2, 4th ed., sec. 862. And a court of equity should decree that a negotiable instrument be reformed on its face where through mutual mistake it does not express the intention of the parties thereto. *Fisher v. Barnett,* 56 Ill. App. 649.

Counsel for defendant bank cite the cases of *Hypes v. Griffin,* 89 Ill. 134, and *Herman v. Metropolitan Petroleum Co.,* 253 Ill. App. 536, as holding that oral testimony will not be permitted to show that the signer of a note, individually, was not to incur any personal liability. In those cases the payees of the respective notes were seeking to recover in actions at law. A different rule obtains in equity where both parties to the transaction agree that the instrument as executed did not express the true agreement of the parties.

For the reasons indicated the order dismissing the complaint is reversed and the cause is remanded with directions to reform the note attached to the complaint on its face so as to show that Daniel Gawne signed the note "as Treasurer" and not in his individual capacity.

*Reversed and remanded with directions.*

MATCHETT, P. J., and O'CONNOR, J., concur.