**MARVIN GLASS & ASSOCIATES,**
Plaintiff-Appellee,

v.

**Frederick GARDEL and Algar Licensing Corporation, Defendants-Appellants.**

**No. 17609.**

United States Court of Appeals
Seventh Circuit.

Jan. 5, 1970.

Lester E. Munson, Jr., Chicago, Ill., for appellants.

James R. Sweeney, James F. Coffee, Chicago, Ill., for appellee, John R. Hoffman, Hofgren, Wegner, Allen, Stellman & McCord, Chicago, Ill., of counsel.

Before KNOCH, Senior Circuit Judge, SWYGERT, Circuit Judge, and GORDON, District Judge.

MYRON L. GORDON, District Judge.[1]

Marvin Glass & Associates brought a declaratory judgment action under 28 U.S.C. §§ 2201 and 2202 to determine their rights pursuant to a contract with Frederick Gardel and Algar Licensing Corporation. It is undisputed that the parties had a one year written contract whereby the plaintiff was to pay the defendants a 40% commission on any royalties which the plaintiff received from European manufacturers as a result of the defendants' activities as a licensing agent. The contract was executed on March 28, 1967; this action was begun on May 23, 1968.

In their answer and counterclaim, the defendants allege that the written one year contract was extended in June, 1967 for an additional two years by an oral agreement. The counterclaim states that the plaintiff was paid $25,000 in royalties as a result of the defendants' efforts, and thus a demand for 40% of this royalty payment is made.

The trial court granted the plaintiff's motion for summary judgment on the complaint and also the plaintiff's motion to dismiss the counterclaim. In our opinion, the court was correct in awarding a summary judgment to the plaintiff on its complaint; such judgment determined that the contract was at an end, and that the defendants were to desist from representing themselves as the exclusive licensing agents of the plaintiff in Europe.

We agree with the observation of the trial judge, who stated that "an oral contract which cannot be performed within the space of one year * * * is unenforceable in law as violating the Statute of Frauds, Illinois Revised Statute, 1967, Chapter 59, Section 1." Since the alleged oral contract was to run for more than one year, it is unenforceable, and the trial court properly found that the express contract between the plaintiff and the defendants had come to an end. Sheehan v. Reardon, 223 Ill.App. 365 (1921); Taylor v. Scott, Foresman & Company, 178 Ill.App. 487 (1913).

Even though the express contract was unenforceable after March 28, 1968, it does not follow that the defendants have no right to a trial on their counterclaim. If the alleged royalty payment of $25,000 was made to the plaintiff as a result of the defendants' services prior to March 28, 1968, the defendants would be entitled to pursue their claim under the terms of the written contract.

If the defendants' efforts produced royalties, they would be entitled to maintain an action under the equitable theory of unjust enrichment, even if the services were rendered after March 28, 1968. This remedy has long been recognized under Illinois law. In re Breault's Estate, 63 Ill.App.2d 246, 211 N.E.2d 424 (1965), and Beatrice Foods Co. v. Gallagher, 47 Ill.App.2d 9, 197 N.E.2d 274 (1964). In Board of Highway Commissioners of Bloomington Twp. v. City of Bloomington, 253 Ill. 164, 97 N.E. 280, 285 (1912), the court said:

"The action is maintainable in all cases where one person has received money or its equivalent under such circumstances that in equity and good conscience he ought not to retain it * * *."

The defendants agree that they can receive nothing for any efforts expended after the start of this action; thus, the unjust enrichment theory would apply only to services performed by the defendants, for the plaintiff's benefit, between March 28, 1968 and May 23, 1968.

That part of the district court's order which grants the plaintiff's motion for summary judgment is affirmed; that part of said order which dismisses the defendants' counterclaim is reversed and remanded for further proceedings.

---

1. The writer of this opinion is sitting by designation from the district court for the Eastern District of Wisconsin.