## Charles Munson v. Frank Herzog.

1. CONTRACTS—*Can Not Be Reformed in an Action at Law.* — A reformation of a written contract, by inserting additional variant conditions, can not be had or the benefit thereof derived in an action at law.

2. INSTRUCTIONS—*Authorizing the Finding of an Implied Contract Not Warranted by the Evidence, Erroneous.*—Instructions authorizing the jury to find that there was an implied contract exempting a lessee from his duty under the lease, where there is no evidence in the record tending to show such an agreement or contract, either express or implied, are erroneous.

3. SAME—*That Lessee by Paying All Rent Due is Estopped from Asserting a Breach on Lessor's Part, Erroneous.* —An instruction to the effect that a lessee, by performing his part of the contract by paying all

the rent due, is estopped from asserting that the lessor did not perform his part of the contract, is erroneous.

4. SEALED INSTRUMENTS—*To What Extent Changes May Be Made in, by Parol.*—While a condition in a contract under seal may be waived or released by the parol agreement of the parties, a new element or condition can not be incorporated into a sealed instrument by a verbal executory agreement.

Assumpsit.—Appeal from the Circuit Court of DeKalb County; the Hon. CHARLES A. BISHOP, Judge presiding. Heard in this court at the April term, 1903. Reversed and remanded. Opinion filed June 8, 1903.

JONES & ROGERS and C. G. FAXON, attorneys for appellant.

CARNES, DUNTON & FAISSLER and L. B. OLMSTEAD, attorneys for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

Frank Herzog, the appellee, was the owner of a hundred acre farm in the town of Victor, DeKalb county, Illinois. By a written lease under seal, bearing date March 1, 1898, he leased the farm to Charles Munson to March 1, 1899, at the stipulated rental of $500, payable in two equal semi-annual installments. In addition to the farm, and as a consideration for the rental, appellee was at all times during the tenure of the lease to furnish appellant two work horses and nine milch cows. Appellee reserved the house and about one half acre of ground in connection therewith, and was to board appellant for $70 per year. At the expiration of the rental year it was agreed between the parties that appellant should continue to occupy the premises for another year upon the same terms. Like agreements were annually entered into at the expiration of each of the next two rental years. While there was but one written lease between the parties the tenancy covered a period of four years extending from March 1, 1898, to March 1, 1902. This suit was brought by the appellee, who was the landlord, to recover $250, the installment of rent falling due September 1, 1901, and for six months and sixteen days board. It was stipulated between the parties that the case should be tried without written pleadings, as

if begun before a justice of the peace, except that neither the plaintiff's claim nor defendant's set-off should be limited in amount. There have been two trials of the case. The first resulted in a verdict for appellant upon his plea of set-off for $76.28. A new trial was granted. On the second trial appellee recovered a verdict and judgment of $254.32, from which this appeal is prosecuted.

The lease contained no provision that appellant should furnish appellee any milk or butter. The undisputed evidence shows that a large quantity of these articles were in fact furnished by appellant to appellee, for the value of which appellant claims a set-off. The court, over the objection of appellant, permitted appellee to testify that before the expiration of the written lease and in consideration of the agreement of appellee, as therein recited, to board appellant at the rate of $70 per year, appellee agreed to furnish the milk and butter free of charge. The admission of this proof was manifest error upon the elementary principle of law that all of the conversations between the parties preceding the execution of the written lease were merged in that instrument. In an action at law upon a written contract it will be conclusively presumed that all previous verbal agreements were included in the written document. If, as a matter of fact, the written instrument should contain other or different conditions, before the party entitled to the benefit of the same may avail himself thereof, he must resort to a court of equity to have the contract reformed. A reformation of a written contract by inserting additional variant conditions can not be had or the benefit thereof derived in an action at law. The admission of this proof was serious error, and, as the verdict shows, prejudicial to the interests of appellant. In this connection the court gave the jury the following instruction:

" The court further instruct you in regard to the lease in question, that all prior and contemporaneous agreements respecting said leasing are merged into the written lease, and no prior or contemporaneous agreement can

alter or vary the terms of the written lease offered in evidence."

This instruction correctly states the law. The propositions of law therein declared demonstrate the error on the part of the trial court in admitting this evidence. While the court shortly before the conclusion of the trial struck out the evidence now under consideration, we are satisfied from the facts disclosed by the record that this action on the part of the court did not cure the manifest error of its original admission.

Appellant asked the court to instruct the jury as follows :

"If you believe from the evidence that the plaintiff under the lease in question was to furnish the defendant nine cows and two horses, and further believe from the evidence that the plaintiff failed to furnish such cows and horses during any portion of the term of such tenancy, then you have a right to deduct whatever damages, if any, defendant may have sustained by reason of such non-performance of the terms of the contract on the part of the plaintiff, so far as shown by the evidence."

The court gave the instruction, after modifying it, by adding the following :

"Unless you further believe from the evidence that there was an agreement, expressed or implied, between the parties hereto, that the terms of this written lease should not apply to cows and horses as to the subsequent years."

There is no evidence in the record tending to show that the terms of the written lease, in so far as they related to the first year of the tenancy, were modified, in any manner whatever. There is undisputed evidence in the record that during the first year of the occupancy of the farm by appellant, appellee was guilty of at least one breach of his duty thereunder in failing to furnish the stipulated number of cows. Under this state of the proof the instruction should have been given as asked, and it was manifest and prejudicial error to add the modification. The effect of the instruction as modified was to tell the jury that although appellee had been guilty of a breach of his part of the contract, during the first year, yet appellant could

have no redress therefor, if by agreement of the parties the lease had been modified in its terms so as to exempt appellee from his duty under the terms of the lease to furnish cows and horses during the years subsequent to March 1, 1899.

There was also an instruction, given at the instance of appellee, which authorized the jury to consider whether certain items of appellant's set-off were considered as gifts to appellee. We find no evidence in the record upon which to predicate such an instruction.

The written lease made it the duty of appellee at all times during the tenancy to furnish appellant two work horses and nine cows. The proof is undisputed that at no time did appellee comply with his duty in this respect. He failed to furnish the required number of cows from the beginning of the tenancy; and the number was gradually decreased until all of the cows were disposed of. It also appears from the evidence that during a considerable portion of the tenancy appellee failed to furnish appellant any work horses. The case was tried upon the theory, and numerous instructions were given to the effect, that because appellant paid his rent when due without saying anything about the non-performance by the appellee of his agreement, the jury might infer that there was a subsequent oral contract between the parties waiving these duties of the appellee. This position is untenable and there is nothing in the proof before us to show any such waiver. While it is true that from time to time appellant bought a portion of the stock furnished upon the farm by appellee and appellee sold the residue to other parties, it is certain that this of itself did not absolve appellee from complying with his part of the contract relating to the amount of stock to be kept upon the farm for the benefit of appellant. Various instructions were also given the jury authorizing them to find that there was an implied contract exempting appellee from his duty under the lease to furnish the stock referred to. There is no evidence in the record tending to show such an agreement or contract, either express or

Munson v. Herzog.

implied.    The whole series of instructions given to the jury upon this subject was unwarranted.

The record presents for our determination, to what extent, if at all, a written lease under seal can be changed by parol. The early rule that such a change could only be made by the execution of an instrument under seal or by one of equal dignity and solemnity with the one sought to be changed, has undergone some modifications in this state, yet it is still held that while a condition of such a contract may be waived or released by the parol agreement of the parties, it is nevertheless the law that a new element or condition can not be incorporated into a sealed instrument by a verbal executory agreement.    Starin v. Kraft, 174 Ill. 120; Palmer v. Meriden Britannia Co., 188 Ill. 508.    While a contract under seal may be abrogated, canceled or surrendered by an executed parol contract, its terms can not be materially modified by imposing additional conditions upon either party by a parol agreement.    Alschuler v. Schiff, 164 Ill. 298.    In this case, as we have above stated, the lease, which was continued on the same terms from year to year by agreement of the parties, did not require appellant to furnish any milk or butter free of charge to appellee, but did require appellee during the entire tenancy to furnish appellant the stock mentioned in the lease.    It is here contended by appellee that it was competent to so change the terms of the sealed lease as to excuse appellee from furnishing the stock and to require appellant to supply the family of appellee with milk and butter free of charge.    In other words, the contention is that by the mode of proof referred to, the terms of the written lease could be so changed by parol agreement of the parties, that the amount of the rent stipulated by the lease to be paid by appellant should be increased to the extent of the value of the milk and butter, and the property he rented should be diminished to the extent of depriving him of the beneficial use of the horses and cows mentioned in the lease.    Permitting this to be done would be a flagrant violation of the rule above stated, that the terms of a lease under seal can not be altered by adding

material obligations for one of the parties by an executory parol agreement. Appellee seeks to recover rent upon the written contract and at the same time claims the right to repudiate the obligations imposed upon him by the instrument.

The court instructed the jury as follows:

" You are further instructed if you believe from the evidence that the defendant voluntarily paid the plaintiff five hundred dollars as rental for the premises and property used by him, the defendant, each year for the first three years of his occupancy, then he, the defendant, is estopped by such payments from defending in this action on the ground that he did not have the use during said three years of all the property described in the lease."

This instruction told the jury that if appellant had performed his part of the agreement by paying all the rent due he was thereby estopped from asserting that appellee did not perform his part of the contract. Manifestly this is not the law. Appellant had the right to pay the rent as it fell due, and to bring an action to recover damages for a breach of the covenants of the lease by appellee, or to recoup or set off such damages in an action brought by appellee, as was sought to be done in this case. The fact that appellee at the time of making the various payments of rent did not bring forward his counterclaim is a circumstance proper for the jury to consider in determining whether the various items of the claim in fact existed or were meritorious, but his mere failure so to do would not estop or bar his right to present them upon the trial of this case.

Appellee's recovery in the court below was for the full amount of his claim, less certain conceded items of set-off nowhere referred to in this opinion. Appellee says in his brief:

" Our theory of the law governing the rights of the parties in this case was radically different from the theory of appellant's attorneys. The court had to decide between the two theories of law. If appellant's theory was correct, they were entitled to a judgment against us."

Upon the facts disclosed by this record and in view of

the foregoing statement of counsel for appellee, we would reverse this judgment without remanding the case for another trial, but for the fact that such an order might deprive appellant of the right to recover a judgment against appellee upon his plea of set-off.    The judgment of the Circuit Court will be reversed and the cause remanded.