(No. 22665.—)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROY McARTHUR, Plaintiff in Error.

*Opinion filed December 19, 1934—Rehearing denied Feb. 7, 1935.*

JOHN J. POWER, (HAROLD L. LEVY, and EDWARD M. KEATING, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, and HENRY E. SEYFARTH, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error, with one Herbert Rasmussen and one Melville Rogers, was indicted in the criminal court of Cook county on the charge of receiving a stolen automobile know-

ing the same to be stolen. On the trial plaintiff in error was convicted, and he brings the cause here for review.

Plaintiff in error argues that none of the elements of the crime of receiving stolen property was proved and that the court erred in cross-examining him. It is also argued that the evidence of identification of the stolen property was hearsay and not competent.

The evidence showed that the stolen automobile was the property of W. R. Morrissey. The theft of this car is not denied. It was found in the hands of plaintiff in error. When arrested he told the police officer that he had bought it from a boy named Ray DuChene, who had stolen it; that he paid $25 for it; that they were to change the body from this car to another car of the same make; that they hired a boy named Herbert Rasmussen to make the exchange of bodies, and that they rented a garage for that purpose. The cylinder block of the stolen car was taken off and was later found in the river at Irving Park boulevard. Rasmussen testified that he did not know the car was stolen, and that plaintiff in error was to pay him $10 for exchanging the bodies.

Morrissey testified that on October 24, 1923, he parked a Ford coupe in front of No. 1 North Menard avenue, in Chicago, at about 8:30 P. M., and that about 11:15 that evening he returned and found his car was not there. On November 6, 1933, he went to Hoskins' garage and identified the remains of his automobile. He valued the car at approximately $300.

The officer who arrested plaintiff in error testified that in the conversation with him hereinbefore referred to, the latter also stated that he had made a trade in which he had exchanged with one Melville Rogers a Chevrolet coupe which plaintiff in error owned for Rogers' Ford car and $150; that he delivered his Chevrolet car to Rogers and received Rogers' Ford car but did not get the $150, and that they, with the help of Herbert Rasmussen and others,

took the body from the stolen car and put it on to the chassis of the car he had received from Rogers.

Plaintiff in error testified that he did not know that the car he got from Ray DuChene was stolen; that DuChene told him that Melville Rogers wanted to see him; that he went to Rogers' house in a Ford sport coupe with DuChene, and that Rogers agreed with him then that he, Rogers, would have the body taken off the sport coupe and put on a roadster which Rogers had, and would trade the roadster thus changed to plaintiff in error and would give him $150 in addition for his Chevrolet coupe; that Rogers told him that if he, plaintiff in error, would pay Rasmussen $10 for the exchange work he would give him another set of tires for the car. He denied that he had made any arrangements to rent a garage in which the exchange was to be made and denied that he received the car that was stolen but that he had gotten only the body of it, and that the exchange had been made by Rasmussen, Rogers, DuChene and others.

The trial of the case was before the court without a jury. The trial judge saw and heard the witnesses. It was a direct issue of fact whether this exchange of bodies of the Ford cars was brought about by plaintiff in error or by someone else and whether plaintiff in error knew the Morrissey car was stolen. We are unable to say that the conclusion reached by the trial court as to those matters is not sustained by the evidence.

It is also argued that the court erred in cross-examining plaintiff in error. At the close of his evidence the court asked him what automobiles he had owned and questioned him as to how he acquired them. There is nothing to indicate that the court was endeavoring to show, nor was plaintiff in error asked, whether he had stolen other automobiles, and no error arose in these questions.

It is also argued that the proof of the identification of the stolen property was entirely by hearsay. In this coun-

sel is in error, since the complaining witness testified that he had identified the property found in the possession of the plaintiff in error as the car stolen from him.

It is also argued that the evidence does not support the finding of the court. As we have indicated, it was for the court to decide whether it believed the witnesses whose testimony tended to show him guilty or believed the plaintiff in error. While two of the witnesses for the State were defendants on trial they recited merely the connection they had with the matter. As we have said, the testimony of the officer who arrested plaintiff in error was that the latter told him that he had bought the car for $25 from DuChene, who had stolen it. He did not deny this statement.

We are of the opinion that the evidence fully sustained the finding of the court and that no error has intervened requiring reversal of the judgment.

The judgment will be affirmed. *Judgment affirmed.*