## The People of the State of Illinois, Appellant, v. Roy McArthur, Appellee.

### Gen. No. 38,538.

Opinion filed February 3, 1936. Rehearing denied February 17, 1936.

Thomas J. Courtney, State's Attorney, for appellant; Edward E. Wilson and Amos P. Scruggs, Assistant State's Attorneys, of counsel.

Elwyn E. Long and John J. Power, both of Chicago, for appellee.

Mr. Justice O'Connor delivered the opinion of the court.

Defendant, Roy McArthur, filed his petition under sec. 72 of the Civil Practice Act, praying that the judgment by which he was convicted, in the criminal court of Cook county, of receiving a stolen automobile, knowing the same to have been stolen, and the sentence under such conviction be set aside and held for naught, and a new trial ordered on the ground that errors of fact had been committed in the trial of the criminal case.

The People, by the State's attorney, filed a motion to dismiss the petition, which was overruled; the court then heard the testimony of a witness and also considered the evidence taken on the trial of the criminal case and ordered that the judgment of conviction be reversed and set aside. The order then continues: "And the Court being fully advised in the premises doth find the said Defendant, Roy McArthur, Not Guilty.

"It is further ordered by the Court that the sentence and judgment heretofore entered herein be set aside and vacated. And it is further ordered that the said Defendant, Roy McArthur, be discharged." To reverse this judgment the People prosecute this appeal.

Since the proceeding under sec. 72 is civil in its nature and the judgment entered upon such proceeding is final, either the State or the defendant is entitled to a review of the judgment. *People v. Green,* 355 Ill. 468.

The record discloses that defendant, Roy McArthur, with two others, was indicted by the criminal court of Cook county on the charge of receiving a stolen automobile knowing it to be stolen. There was a trial before the court without a jury. The defendant was found guilty and sentenced on the finding. He sued out a writ of error from the Supreme Court where the judgment of conviction was affirmed. *People v. McArthur,* 359 Ill. 121. The Supreme Court, in its opinion, discussed the evidence and said (p. 124): "that the evidence fully sustained the finding of the court and that no error has intervened requiring reversal of the judgment." That opinion was filed December 19, 1934, and a rehearing was denied at the February term 1935. March 29, 1935, McArthur filed his petition seeking relief under section 72 of the Civil Practice Act. Section 72 of the Civil Practice Act, which went into effect January, 1934, is identical with section 89 of the old Practice Act, which latter section was repealed by the Civil Practice Act. In discussing what one must show to be relieved from a conviction in a criminal case, by virtue of the provisions of sec. 89 of the old Practice Act, the court in *People v. Crooks,* 326 Ill. 266, said (p. 280): "Errors of fact which may be availed of on writ of error *coram nobis* or under a motion made in pursuance of Section 89 of our Practice act include duress, fraud and excusable mistake. . . . The writ of error *coram nobis,* or a motion under said statute, is an appropriate remedy in criminal cases as well as in civil cases. Such a writ lies to set aside a conviction obtained by duress or fraud, or where by some excusable mistake or ignorance of the accused, and without negligence on his part, he has been deprived of a defense which he could have used at his trial and which if known to the court would have prevented a conviction, or to set aside a conviction based on a plea forced by fear of mob law or by other fear of

the defendant induced by misconduct of the officers of the court or by other officers of the law in whose custody a confession was obtained by such unlawful means."

In the instant case defendant bases his right for relief on the ground of an "excusable mistake," i. e., that counsel for defendant on the trial of the case failed to call Herman N. Shocke as a witness for defendant, and failed to properly examine some of the other witnesses. Counsel in their brief state that on the instant hearing they decided to call Shocke, and he was called and testified, although, they say, "well knowing that in doing so they would be charged with negligence and carelessness. However, they now contend that any such alleged carelessness or negligence may, and should, under the peculiar circumstances of this case, be regarded as merely an 'excusable mistake.' "

In response to an inquiry by the court as to why Shocke was not called as a witness on the trial of the criminal case, defendant's counsel answered, "Because his [Shocke's] boy was arrested at the time; they took his son into custody and Mr. Shocke wouldn't have anything to do with it, and I wouldn't have him here as a hostile witness." It is obvious, and as we understand there is no contention to the contrary, that Shocke was available as a witness at the time of the trial of the criminal case, but his counsel saw fit not to call him. Certainly, this is not such an "excusable mistake" as would warrant the court in giving relief under section 72 of the Civil Practice Act, because as stated in the *Crooks* case, the excusable mistake which may be availed of by a defendant under that section must have occurred without negligence on the part of defendant. Certainly that is not the case before us.

Moreover, the testimony of Shocke was not of such a character as to necessarily warrant the court in finding the defendant not guilty of the charge made against him in the indictment.

Shocke testified that at the time in question the defendant, McArthur, and some other boys wanted to put an automobile in his garage; that he asked defendant about the car and defendant replied that he was exchanging the car or buying it from Ray Duchene and another boy named Rogers; and that defendant was giving his father's Chevrolet car and some money for the car; that the witness' son was there at the time; that if the witness would permit defendant to leave the car over night they would get it in the morning; that the witness agreed to this. He further testified that a day or so afterward the police came and took the car away from the garage, and at that time the police asked the witness about his boy and accused the son of being in a serious situation. The witness further testified that the night some of the boys were arrested he talked to McArthur about the matter; and that he had known defendant about four or five years.

The trial judge, after considering all the evidence he had heard on the trial of the criminal case, and the further evidence adduced on the hearing of the motion, was of opinion that defendant was not guilty, and discharged him. We think this could not be done under the law. There was not such an excusable mistake as would warrant the court in interfering with the judgment of conviction theretofore entered and which had been affirmed by the Supreme Court.

The judgment of the criminal court of Cook county is reversed and the matter is remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*

McSURELY, P. J., and MATCHETT, J., concur.