## People of the State of Illinois, Appellant v. Wesley Miles, Appellee.

### Gen. No. 39,663.

Opinion filed December 6, 1937.

THOMAS J. COURTNEY, State's Attorney, for appellant; EDWARD E. WILSON and AMOS P. SCRUGGS, Assistant State's Attorneys, of counsel.

No appearance for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

December 12, 1936, an information was filed against defendant, Wesley Miles, in which he was charged with unlawfully having in his possession a certain habit-forming drug known as heroin, without having a written prescription, in violation of sec. 158, ch. 91, Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. 88.23(2). On the same day, leave to file the petition

was allowed and the case was heard by the court, a jury having been waived. Defendant was arraigned and plead guilty.

The record recites that the court then heard witnesses "as to aggravation and mitigation" of the offense, and a judgment was entered that defendant be sentenced to serve six months in the County Jail. Three months thereafter, March 12, 1937, notice was served on the State's Attorney, together with a copy of a petition verified by defendant which set up the proceedings theretofore had in the municipal court against him, and the sentencing of him to the County Jail for a term of six months. The petition continued that on the day he was found guilty "a mittimus was issued and he commenced serving this sentence on that day." The petition further set up that defendant was not represented by counsel; that he inadvertently entered a plea of guilty to the charge, without knowledge of the full consequences of his plea; that the testimony of the witnesses heard on the trial "discloses that he did not have possession of any narcotic when arrested as alleged in the information"; that he was "picked up at his mother's request and that at the time of arrest he did not have any habit forming drug in his possession"; that if all the evidence had been produced he would have been released and that the petition was brought under the provisions of sec. 72, of the Civil Practice Act, Ill. Rev. Stat. 1937, ch. 110, § 196, Jones Ill. Stats. Ann. 104.072, and the prayer was that the court enter an order "correcting the record of guilty as erroneously entered" and that he be released instanter. On the same day the court entered an order that defendant be brought from the House of Correction before the court and that the case be set for hearing three days thereafter. Following this there appears in the record a written motion of the State's Attorney setting up eight grounds which alleged the insufficiency of the petition; and

it is stated in the record, "the motion to dismiss which the court refused to allow State's Attorney to file is in the following words to-wit:" Then follows the written motion. March 15, a judgment was entered which recites The People were represented by the State's Attorney and the defendant in his own proper person as well as by counsel; that the State's Attorney moved the court to dismiss the petition; that the motion was overruled and a new trial allowed. The order further recites that a jury was waived and the case then heard by the court; defendant was again found guilty and it was ordered that he be placed upon probation. It is to reverse this order or judgment that The People prosecute this appeal.

The State's Attorney, in his brief says that he presented a motion to dismiss the petition filed by defendant but that the court refused to allow the motion to be filed. Obviously this was error. No leave of court is necessary or proper but it is the duty of the State's Attorney to file some plea or motion before an issue can be presented. "The sufficiency of the motion [or petition] which is regarded as a declaration in a writ of error *coram nobis,* or a motion under the statute, must be raised by demurrer, plea of *nullo est erratum,* by motion to dismiss, by pleading special matter in confession and avoidance, or by making an issue of fact by traversing the declaration." *People v. Crooks,* 326 Ill. 266. However this may be, the judgment order recites that the court overruled the State's Attorney's motion to dismiss the petition, and for the purpose of this opinion we shall assume that the judgment speaks the truth and that the proper procedure was followed.

The petition was wholly insufficient to warrant the court in awarding a new trial. *People v. Gardner,* 279 Ill. App. 451; *People v. McArthur,* 283 Ill. App. 467; *People v. Nakielny,* 279 Ill. App. 387; *People v.*

*Crooks,* 326 Ill. 266; *Jacobson v. Ashkinaze,* 337 Ill. 141.

In *People v. McArthur* (283 Ill. App. 467) which was a proceeding under sec. 72 of the Civil Practice Act, Ill. Rev. Stat. 1937, ch. 110, § 196; Jones Ill. Stats. Ann. 104.072, which section was identical with sec. 89 of the old Practice Act, we quoted from *People v. Crooks,* 326 Ill. 266, where the court there said (p. 280): "Errors of fact which may be availed of on writ of error *coram nobis,* or under a motion made in pursuance of section 89 of our Practice act include duress, fraud and excusable mistake"; that it is an appropriate remedy in criminal cases as well as in civil cases, and, continuing, "Such a writ lies to set aside a conviction obtained by duress or fraud, or where by some excusable mistake or ignorance of the accused, and without negligence on his part, he has been deprived of a defense which he could have used at his trial and which if known to the court would have prevented a conviction, or to set aside a conviction based on a plea forced by fear of mob law or by other fear of the defendant induced by misconduct of the officers of the court or by other officers of the law in whose custody a confession was obtained by such unlawful means."

In the instant case, the petition or motion was wholly insufficient. No facts are there set up that the conviction was obtained by fraud or duress or by excusable mistake or ignorance of the accused, without negligence on his part. The motion of the State's Attorney to dismiss the petition should have been sustained.

The judgment of the municipal court of Chicago is reversed, and the matter is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*

McSurely and Matchett, JJ., concur.