(No. 30870.—

CHARLES J. CALKIN *et al.*, Appellants, *vs.* ROBERTS PARK FIRE PROTECTION DISTRICT, Appellee.

*Opinion filed March 24, 1949.*

JAMES PERCIVAL PIO, of Chicago, for appellants.

PAUL R. SHANOFF, of Chicago, (LEE L. TUROFF, of counsel,) for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Appellants, Charles J. Calkin, Francis E. Streysman and Magdalen Streysman, filed a petition or motion in the county court of Cook County, styled a petition in the nature of a writ of error *coram nobis,* seeking to vacate certain orders entered in the organization of the Roberts Park

Fire Protection District. The petition was denied, from which decision direct appeal was taken to this court. The record on that appeal disclosed that neither the fire protection district, its officers nor anyone interested in the district had notice of the filing of the petition. This court reversed the judgment and remanded the cause to allow the petitioners to bring the proper parties into court. (*Calkin* v. *Roberts Park Fire Protection Dist.* 398 Ill. 374.) After the cause was remanded in that case, the attorney for the district filed a motion to strike, praying that the petition be denied. The county court, on April 20, 1948, entered an order sustaining the motion to strike, and the petitioners have again prosecuted a direct appeal to this court.

The order of the county court, on the motion to strike, entered April 20, 1948, in its entirety is as follows: "This day motion to strike is sustained by the court." No subsequent order or judgment was entered striking or dismissing appellants' petition or otherwise disposing of the case, this being the only order or judgment entered in the *coram nobis* proceeding and is the only order or judgment before this court for review.

In *coram nobis* cases the issues made and the judgment sought pertain only to setting aside the judgment in the original suit, and, as we have heretofore determined in this State, the filing of a motion or petition in the nature of a writ of error *coram nobis* is the commencement of a new and independent suit, in which the motion or petition stands as the declaration or complaint. (*People ex rel. Courtney* v. *Green*, 355 Ill. 468; *Central Bond and Mortgage Co.* v. *Roeser*, 323 Ill. 90.) An order entered by the court sustaining only a motion to strike a complaint does not end the proceedings and is not a final appealable order. There can be no appeal unless a final order dismissing the suit follows the ruling on the motion to strike. (*Doner* v. *Phoenix Joint Stock Land Bank*, 381 Ill. 106. It is essential to the finality of an order in *coram nobis* proceedings

that the proceedings be disposed of, not by striking the motion or petition, but by an order or judgment that finally dismisses and disposes of that suit.

The record discloses in this case that the order appealed from is not a final appealable order, and, in the absence of such an order, this court cannot assume jurisdiction. An appeal lies only from a final order, judgment or decree, except in cases expressly authorized by statute. We do not find such authorization here.

The record disclosing an appeal from an order which is not final, this court is without jurisdiction, and the appeal is, therefore, dismissed.

*Appeal dismissed.*