## Angela Schnable, Appellant, v. Frank C. Tuma, Appellee.

### Gen. No. 45,997.

Opinion filed November 10, 1953. Released for publication December 1, 1953.

EDWARD T. DUDAY, and GEORGE T. MURPHY, JR., both of Chicago, for appellant.

■■■■■■■■

■■■■■■

ERWIN H. WRIGHT, and JAMES E. HASTINGS, both of Chicago, for appellee.

MR. JUSTICE ROBSON delivered the opinion of the court.

This is an action for personal injuries. Process was purported to have been served on the defendant and he failed to appear and answer the complaint. A default order was entered against him and the trial court at an *ex parte* hearing found for the plaintiff and entered judgment for the sum of $10,000. Defendant filed a motion and petition to set aside and vacate the judgment. After a hearing the trial court vacated and set aside the judgment and granted the defendant leave to appear and answer the complaint . Thereafter plaintiff filed a motion and petition to vacate the order setting aside the judgment, which after a hearing the trial court denied.

Plaintiff appeals from this order contending that (1) the trial court could not vacate and set aside the judgment because of lack of jurisdiction of the person when the sheriff's return disclosed personal service of the defendant on the basis of defendant's unsupported denial of service; and (2) the trial court erred in denying plaintiff's motion to set aside the order vacating the judgment. Defendant urges that under the liberal doctrine of *Ellman v. De Ruiter,* 412 Ill. 285, the trial court was justified in entering the orders. An understanding of these issues requires a statement of the pertinent parts of the record.

On April 7, 1948, the defendant owned and operated four drugstores, one of which was located at 6800 West Roosevelt road, Oak Park, Illinois, and a second at 6756 West Cermak road, Berwyn, Illinois. Plaintiff while a patron in the drugstore at 6800 Roosevelt road, Oak Park, Illinois, on this date, sustained personal injuries resulting from sitting on a soda fountain stool

487

that had no seat. The injuries consisted of a fractured forearm. A complaint was filed and summons directed to the sheriff with directions to serve defendant at 6800 West Roosevelt road, Oak Park, Illinois. The summons was returned and filed with the clerk showing personal service on the defendant, on April 21, 1949. On January 28, 1952, approximately 33 months after service of summons, an order was entered defaulting the defendant. On February 7, 1952, at an *ex parte* hearing, judgment was entered against the defendant for $10,-000. The execution was not issued until more than thirty days after the entry of the judgment and was served on the defendant on April 6, 1952. On April 25, 1952, defendant filed his motion and petition to set aside and vacate the judgment.

At the hearing defendant called as his witness the deputy sheriff who served the writ. He stated that he did not independently remember serving the summons on the defendant. During the period he was in the sheriff's office from January of 1946 to January of 1950, he had served several thousand writs. He identified his signature on the return and said that if he signed it he must have served it. He stated that he filed a daily report in the sheriff's office. The defendant testified that in 1949 he owned four drugstores; that he did not receive a summons from the deputy sheriff on April 21, 1949, at 6800 West Roosevelt road, Oak Park, Illinois; that the prescription records kept in the different stores indicated he was at 6756 Cermak road, Berwyn, Illinois, and was not present at the other address. The pharmacist employed by the defendant stated that he was managing and conducting the defendant's drugstore at 6800 West Roosevelt road, Oak Park, Illinois, on April 21, 1949; that no summons was served on him, and that Mr. Tuma was not in the store at this address on that date. He based this on the fact that the prescription

records showed that he was the only one who compounded prescriptions on that date. After the conclusion of the hearing the trial court said, "There's been no summons served on this man. It is clear to my mind." Thereafter he entered an order setting aside the judgment and allowed defendant to file his appearance and plead or answer to the complaint.

On June 5, 1952, plaintiff filed a motion and a petition to vacate the order of May 9, 1952, and defendant filed his answer. At a hearing, plaintiff called the deputy sheriff who had testified at the prior hearing. He stated that when service of process was effected he always made out a daily report. He identified this report which was a record of all processes served by him on April 21, 1949. The report disclosed a notation in his handwriting that the defendant was served personally at Cermak road and Oak Park avenue, Berwyn, Illinois; that Oak Park avenue is 6800 west in Berwyn and Cermak road is 22nd street. No explanation was given why this was not produced at the prior hearing.

██ ██ In *Ellman v. De Ruiter,* 412 Ill. 285, the court was confronted with a similar situation. In that case, while it was admitted that process was served, through mistake or misunderstanding as to the return day of the summons, defendant failed to file his appearance on time. Default was taken against the defendant and an *ex parte* judgment entered. At this same time plaintiff was negotiating with defendant to settle the case in question and other pending litigation. Plaintiff did not inform the defendant of the default and judgment until more than thirty days after the entry of the judgment. The court in reaching its decision stated a new doctrine—that while the Civil Practice Act has not effected a complete amalgamation of the practice and procedure in common law and suits in equity, there has been a fusion sufficient to enable a court of law, when

the occasion demands it, to apply equitable principles in administering the summary relief available under the motion which has been substituted for the writ of error *coram nobis*. The motion may be addressed to the equitable powers of the court when the exercise of such power is necessary to prevent injustice. The court cites with approval the case of *Nikola v. Campus Towers Apt. Bldg. Corp.*, 303 Ill. App. 516, and *McKiernan v. Taylor & Lynch Cartage Co.*, 263 Ill. App. 657, and makes this statement: "To prevent a failure of justice and a further suit in equity, we conclude, for the reasons previously set forth, that it is within the spirit of the Civil Practice Act, and within the scope of the function of the motion which has replaced the writ of error *coram nobis*, that defendant be given summary relief in this proceeding."

Prior to the decision of the *Ellman* case, when a motion was made under section 72 of the Civil Practice Act [Ill. Rev. Stats. 1951, ch. 110, § 196; Jones Ill. Stats. Ann. 104.072], the court could correct only such errors of fact as could have been corrected at common law under a writ of error *coram nobis*. The error of fact which could be assigned in such proceeding had to be some fact unknown to the court at the time the judgment was rendered, as well as one which would have precluded the rendition of the judgment had it been within the knowledge of the court. The error of fact alleged could not be one appearing on the face of the record or one contradicting the finding of the court. The cases upon which plaintiff relies for reversal were decided under this limited interpretation. *McCord v. Briggs & Turivas*, 338 Ill. 158, 165.

The trial judge had full knowledge of all the proceedings taken in the case. He heard and saw the witnesses on the petition to set aside the judgment. The

same trial judge heard plaintiff's motion to set aside this order.

 In the *Ellman* case our Supreme Court has extended broad discretionary powers to the trial court governing its decisions after a hearing on a petition in the nature of writ of error *coram nobis*. It is our duty to follow this doctrine. We, therefore, conclude that the trial court committed no error in vacating and setting aside plaintiff's judgment and in denying plaintiff's subsequent motion to set aside the order vacating the judgment.

*Judgment affirmed.*

SCHWARTZ, P. J. and TUOHY, J., concur.