James Frederick and Michael Frederick, Plaintiffs-Appellants, v. Alex J. Maggio, Defendant-Appellee.

**Gen. No. 47,759.**

First District, Second Division.
November 10, 1959.
Released for publication December 22, 1959.

Freeman and Freeman, of Chicago (Barry J. Freeman and Earl Freeman, of counsel) for appellants.

Brundage and Short, of Chicago (Narcisse A. Brown and Donald E. Casey, of counsel) for appellee.

JUSTICE KILEY delivered the opinion of the court.

This is an action in equity for reformation of four promissory notes. The trial court dismissed the complaint on defendant's motion and plaintiffs have appealed.

The motion to dismiss admits the well-pleaded facts in the complaint and the statements in the accompanying affidavits. Plaintiffs are officers of the McAvoy Brewing Company. Between the dates of September 8 and October 8, 1948, as president and secretary of the Company, they negotiated four loans with defendant and gave defendant four promissory notes. Three of the notes are signed by plaintiff Michael Frederick, and one by plaintiff James Frederick, immediately under the type-written name of the Company.

The notes give no indication that plaintiffs were signing as officers of the Company. On July 17, 1958, judgments by confession were entered for defendant on the notes against plaintiffs and the Company. Plaintiffs, on September 9, 1958, brought this action in equity to reform the notes by adding the words "as Secretary" to three notes, and "as President" to the fourth after the signatures.

The Chancellor dismissed the suit on the ground that plaintiffs had an adequate remedy at law under section 72 of Rule One of the Municipal Court Rules. The question is whether section 72 gives plaintiffs an adequate remedy and precludes them from an action in equity for reformation.

Plaintiffs contend that reformation is exclusively an equitable action beyond the jurisdiction of the Municipal Court of Chicago, and that it would be absurd to hold, therefore, that an adequate remedy lies in that court. They maintain that any attempt by them to prove at law that they signed the notes in a representative capacity would be met by the parol evidence rule since no ambiguity appears on the face of the notes. Conaghan v. Estes, 16 Ill.App.2d 373; see also Ch. 98, Sec. 40 (Ill. Rev. Stat. 1957). They contend that a suit in equity for reformation is the only method of circumventing the parol evidence rule. Gawne v. O'Connell, 287 Ill. App. 73.

The Municipal Court rule is substantially identical with section 72 of the Civil Practice Act and therefore the construction of this Act is controlling. Cf. Ch. 37 Sec. 376 (Ill. Rev. Stat. 1957). Prior to the 1955 amendment, section 72 abolished the writ of coram nobis only, and substituted in lieu of this writ a statutory motion.

In 1952, the Supreme Court was called upon to construe the scope of this section in Ellman v. De Ruiter,

412 Ill. 285. The original proceeding in the Ellman suit was brought in the County Court of Cook County whose jurisdiction, like that of the Municipal Court, does not include general equitable powers. A default judgment was entered against De Ruiter and after 30 days he moved to vacate under section 72. The County Court allowed the motion and Ellman appealed. This court reversed the order of the County Court. The Supreme Court noted that the use of the motion had not been "restricted to the narrow confines of its common law antecedent," but that it had been gradually enlarged to include fraud, excusable mistake, and other like circumstances. The court then reversed the Appellate Court judgment on grounds not formerly recognized at law, namely, the willful concealment of the entry of the judgment by the plaintiffs' counsel for more than thirty days so that the court lost the ordinary power to vacate. In its opinion the court expressly stated that there was a "fusion [of law and equity] sufficient to enable a court of law, when the occasion demands it, to apply equitable principles in administering the summary relief under [section 72]." 412 Ill. at 292.

The court also noted with approval Nikola v. Campus Towers Apt. Building Corp., 303 Ill. App. 516, where an order of the Circuit Court of Cook County, granting a motion under section 72, was affirmed by this court on the sole ground of procedural convenience in refusing to require the defendant to file a complaint in equity and return a few days later when the relief would be granted. This, despite the fact that the traditional method of relief was a suit in chancery.

In 1955, the legislature amended section 72. Subsection (1) of that section combines into a single petition the various post-judgment and decree remedies formerly available in civil cases. That subsection provides:

"All relief heretofore obtainable and the grounds for said relief heretofore available, either at law or in equity, whether by any of the foregoing remedies *or otherwise,* shall be available *in every case,* by proceedings hereunder, regardless of the nature of the order, judgment or decree from which relief is sought or of the proceedings in which it was entered. There shall be *no distinction* among actions at law, suits in equity and other proceedings, statutory or otherwise, as to availability of relief, grounds for relief or the relief obtainable." (Emphasis added.)

The Joint Committee Comments state that the new section 72 will "result in uniformity and in the elimination of obsolete distinctions and forms of action, and will codify the Supreme Court's decision in Ellman v. De Ruiter, supra, that equitable principles should apply in the administration of *all* post-judgment remedies." (Emphasis added.) The Historical and Practice Notes, written by some of the drafters of the new section 72 includes the statement that "all relief from the effect of judgment otherwise obtainable, can now be availed of *in any case* by petition pursuant to new section 72(1)." (Emphasis added.)

In this setting plaintiffs filed their suit for reformation. Defendant argues that the recent statutory expansion of section 72 to include equitable power, and the liberal view of the Supreme Court in the Ellman case, require the conclusion that plaintiffs must proceed under that section for relief from the confession judgment.

■ Traditionally, the scope of power of equity has been to provide a remedy which was unavailable at law, and the defense has been a showing that the plaintiff had an "adequate" remedy at law, that is, what plaintiff was seeking in equity could be had by an appropriate action at law. Plaintiffs contend that their

action is for reformation, and not specifically to gain relief from the judgment at law.

■ Suits for reformation have been strictly confined to equity. Munson v. Herzog, 109 Ill. App. 302. However, plaintiffs' suit was brought *after* the judgment was rendered for defendant at law. In their prayer, plaintiffs ask that the instruments be reformed and that the judgments against them be enjoined. We can think of no reason for this suit other than to avoid liability under the judgment. In effect, therefore, this suit is for equitable relief from the judgment.

It is true that in a motion under section 72, the Municipal Court could not reform the instruments by adding "as Secretary" and "as President." We think this case, however, presents an "occasion" which "demands" that plaintiffs be remitted to the Municipal Court for a showing of mutual mistake, unknown to the Court at the time of judgment, which would have prevented the entry of the judgments on the notes, and that that Court receive parol evidence in support of that showing. Once established, the fact of mutual mistake of expression would prevent another suit against plaintiffs despite the fact that the notes remained unreformed. Accordingly, they would have the relief they seek.

■ We agree that when the legislature creates a new post-judgment remedy, by motion under a statute, without restricting the jurisdiction of equity, that jurisdiction remains unaffected. Jay-Bee Realty Corp. v. Agricultural Ins. Co., 320 Ill. App. 310, 315. Plaintiffs argue that a decision adverse to them will restrict the jurisdiction of equity in actions for reformation. We do not agree. A decision adverse to plaintiffs in the case at bar will in no way affect the jurisdiction of equity in the normal suit for reformation begun *before* a judgment is rendered at law on the instrument. As

297

we pointed out above, this suit was begun *after* the judgments in the law court. However, we do think that the legislature in section 72 and the Supreme Court in Ellman v. De Ruiter intended to further the amalgamation of law and equity in this post-judgment procedure and to retain suits so far as possible in the court entering the judgment, in order that that court could exercise greater control over its own judgments in the interests of doing justice. The goal is to streamline the procedure for post-judgment relief. In this way, courts already overburdened with litigation will not be further burdened with business that other courts can, with complete justice, more expeditiously dispose of.

We conclude that the Chancellor was right in dismissing plaintiffs' suit for reformation on the ground that they could find adequate relief from the judgments in the Municipal Court. We need not decide any other point raised by either party.

Affirmed.

MURPHY, P.J. and LEWE, J., concur.